# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

RICHARD BLACK; ALAN SALISBURY; WILLIE HAMILTON;
EDWARD S. RICKARDS, J.R., and JAMES GANOCY; for
themselves and all others similarly situated,

                          Plaintiffs,

-against-

MICHAEL CODD, individually and as Police
Commissioner of the City of New York; Patrolman
PAUL A. BERT; Patrolman ROBERT CRUZ; Lieutenant
DANIEL DILLON; NEW YORK CITY POLICE DEPARTMENT;
CITY OF NEW YORK,

                          Defendants.

73 Civ. 5283 (JMC)

STIPULATION AND ORDER

----------------------------------------------------------x

      It is stipulated by and between the attorneys for the parties herein that it is the policy of the New York City Police Department and the defendants that when a person (or persons) is detained, stopped or arrested in public areas, a person or persons not involved in the conduct for which the first person is stopped or arrested may remain in the vicinity of the stop or arrest as an onlooker or onlookers, subject to the safety of the person stopped, the third persons, the general public, and officers of the Police Department, and to provisions of law e.g. P.L. §195.05. The provisions of this order are intended solely as a settlement of the above entitled litigation, and do not constitute an admission that the above policy has been violated by defendants, or any of them. In the following provisions, the term "officer" refers to New York City police officers, agents of the defendants.

      1.  A person remaining in the vicinity of a stop or arrest (herein after an "onlooker") shall not be subject to arrest for violation of Penal Law §195.05 unless the officer has probable cause to believe a violation of Section 195.05 exists.

2. None of the following constitutes probable cause for arrest or detention of an onlooker unless the safety of officers or other persons is directly endangered or the officer reasonably believes they are endangered or the law is otherwise violated:

    (a) Speech alone, even though crude and vulgar
    (b) Requesting and making notes of shield numbers or names of officers;
    (c) Taking photographs;
    (d) Remaining in the vicinity of the stop or arrest.

3. Whenever an onlooker is arrested or taken into custody, the arresting officer shall report the action to the supervisor at the station house or other place where the person is taken. Section 110-2 and 110-7 of the Patrol Guide of the New York City Police Department (copies attached), shall be complied with.

4. Defendants shall notify all officers and other employees of the Police Department of the terms of this stipulation by appropriate department order within 60 days of the entry of this order. Such order shall embody the terms of paragraphs 1 through 3 of this order. Area commanders will be informed that the basis for the said departmental order is the settlement of this litigation and that the terms of this order are part of the departmental order. Area commanders shall inform precinct commanders of the existence of this order

2

5. Costs, disbursements and attorneys' fees are waived by all parties and their attorneys.

The above provisions of this order shall and the same hereby do constitute the final judgment of this court upon the controversy between defendants, plaintiffs and the plaintiff class. In all other respects, the claims of the plaintiffs are dismissed with prejudice.

Dated: New York, New York
6/1        1977

/s/ Paul G. Chevigny
PAUL G. CHEVIGNY
ALAN H. LEVINE
Attorneys for Plaintiffs

W. BERNARD RICHLAND
By: /s/ Robert Deutsch
Ass't CORPORATION COUNSEL
Attorney for Defendants

SO ORDERED: 6/1/77

/s/ John M. Cannella
U.S.D.J.